IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| CARLOS RAY KIDD, #1079464 | § | |
| VS. | § | CIVIL ACTION NO. 6:08cv257 |
| BRAD LIVINGSTON | § | |

MEMORANDUM OPINION AND
ORDER ON MOTION FOR DEFAULT JUDGMENT

Plaintiff Carlos Ray Kidd, a prisoner confined in the Texas prison system, proceeding *pro se* and *in forma pauperis*, filed the above-styled and numbered civil rights lawsuit pursuant to 42 U.S.C. § 1983. The complaint was transferred to the undersigned with the consent of the parties pursuant to 28 U.S.C. § 636(c).

The Plaintiff has filed a motion for a default judgment (docket entry #26) because the Defendants have not filed an answer. He correctly noted that an order to answer was filed on November 7, 2008. The Defendants had twenty days to file an answer. He argued that a default judgment should be entered.

"The entry of a default judgment is committed to the discretion of the district court." *Hamm v. DeKalb County*, 774 F.2d 1567, 1576 (11th Cir. 1985), *citing Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977). As a general rule, defaults are not favored. *See Turner v. Salvatierra*, 580 F.2d 199, 201 (5th Cir. 1978); *Dierschke v. O'Cheskey*, 975 F.2d 181, 183 (5th Cir. 1992). The Fifth Circuit has held that a "party is not entitled to a default judgment as a matter of right even where the defendant is technically in default." *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). The denial of a default judgment is appropriate in cases where a plaintiff's factual allegations, even if found true, could not impose liability. *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2000). Defendants in default may even

1

"benefit from the appearing defendants' favorable summary judgment motion." *Id.* at 768. In cases where default has been entered, the Court may set aside the entry of default on a showing of good cause. Fed. R. Civ. P. 55(c). With good cause being mistakes, inadvertence, excusable neglect, newly discovered evidence or fraud. *See Whitman v. United States Lines, Inc.*, 88 F.R.D. 528, 530 (E.D. Tex. 1980).

In the present case, the order to answer specified that the Defendants had twenty days from the receipt of the order to file an answer or otherwise plead. The Court never received documentation that the Defendants received the order, thus it was sent to the Defendants again on December 1, 2008. The Court has received an acknowledgment from the Defendants indicating that the Office of the Texas Attorney General received the order to answer on December 12, 2008. An answer is not yet due, thus there is no basis for granting a default judgment. It is therefore

**ORDERED** that the motion for a default judgment (docket entry #26) is **DENIED**.

So **ORDERED** and **SIGNED** this **22** day of **December, 2008.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE