IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| CARLOS RAY KIDD, #1079464 | § | |
| VS. | § | CIVIL ACTION NO. 6:08cv257 |
| BRAD LIVINGSTON | § | |

MEMORANDUM OPINION AND
ORDER ON MOTION FOR PRELIMINARY INJUNCTION

Plaintiff Carlos Ray Kidd, a prisoner confined in the Texas prison system, proceeding *pro se* and *in forma pauperis*, filed the above-styled and numbered civil rights lawsuit pursuant to 42 U.S.C. § 1983. The complaint was transferred to the undersigned with the consent of the parties pursuant to 28 U.S.C. § 636(c).

The Plaintiff has filed a motion for a preliminary injunction (docket entry #24). He argued that his life is in danger because he filed this lawsuit. He asked that the Court consider his oral motion and testimony at the *Spears* hearing in deciding his request. He asked to be transferred to a facility outside of the Texas prison system.

The motion is governed by Rule 65 of the Federal Rules of Civil Procedure. A preliminary injunction is typically granted, pending trial on the merits, to prevent irreparable injury that may result before a dispositive trial. *Shanks v. City of Dallas, Texas*, 752 F.2d 1092, 1096 (5th Cir. 1985). The measures are designed to protect, for example, the *status quo* of the parties or the evidence the movant will need to use at trial to litigate his claims. To grant or deny a preliminary injunction is within the discretion of the trial court. *Apple Barrel Productions, Inc. v. Beard*, 730 F.2d 384, 386 (5th Cir. 1984).

The prerequisites for a preliminary injunction are: (1) substantial likelihood that the moving party will prevail on the merits of the underlying suit, (2) a substantial threat that the moving party will

1

suffer irreparable injury if the injunction is not granted, (3) that the threatened injury to the movant outweighs the threatened harm the injunction may do to the nonmovant, and (4) that granting the preliminary injunction will not disserve the public interest. *Libertarian Party of Texas v. Fainter*, 741 F.d 2d 728, 729 (5th Cir. 1984). Since a preliminary injunction is such an extraordinary, and perhaps drastic remedy, one is not granted unless the movant clearly carries the onerous burden of persuasion as to all the elements. *United States v. Jefferson County*, 720 F.2d 1511, 1519 (5th Cir. 1983).

In the present case, the Plaintiff did not discuss nor clearly demonstrate that he will prevail on the merits of the claims contained in his original complaint. Secondly, he did not discuss nor clearly prove that he will suffer irreparable injury if the injunction is not granted. Thirdly, he did not discuss nor clearly prove that the threatened injury outweighs the harm of an injunction. Finally, he did not discuss nor clearly prove that the injunction would not disserve the public interest. The Plaintiff has failed to clearly carry the burden of persuasion on any of the four prerequisites required to establish the need for a preliminary injunction.

It is further noted that the last address provided by the Plaintiff indicated that he was housed at the Jester 4 Unit. While he is confined at the Jester 4 Unit, he is not around the officials and inmates at the Michael Unit who allegedly endanger his life. The Plaintiff has not shown any need for a preliminary injunction. It is therefore

**ORDERED** that the motion for a preliminary injunction (docket entry #24)is DENIED.

So **ORDERED** and **SIGNED** this **22** day of **December, 2008.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE