IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| CARLOS RAY KIDD, #1079464 | § | |
| VS. | § | CIVIL ACTION NO. 6:08cv257 |
| BRAD LIVINGSTON, ET AL. | § | |

MEMORANDUM OPINION AND
ORDER OF DISMISSAL

Plaintiff Carlos Ray Kidd, an inmate confined at the Michael Unit of the Texas prison system, proceeding *pro se* and *in forma pauperis*, filed the above-styled and numbered civil rights lawsuit pursuant to 42 U.S.C. § 1983. The complaint was transferred to the undersigned pursuant to 28 U.S.C. § 636(c).

The original complaint was filed on June 23, 2008. The Plaintiff alleged that his life was in danger. After reviewing the complaint, the Court decided to conduct an evidentiary hearing, consistent with *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), to consider the Plaintiff's claims. The hearing was conducted on November 6, 2008. Regional Grievance Coordinator Chip Satterwhite, Assistant Warden Eddie Baker and Nurse Thomas Maciel attended the hearing in order to answer any questions the Court may have concerning prison policy or the Plaintiff's records. At the conclusion of the hearing, the Court concluded that the Defendants should respond to the lawsuit.

On January 27, 2009, the Defendants filed a motion to dismiss for failure to exhaust administrative remedies (docket entry #36). They noted that the Plaintiff filed a Step 1 grievance, Number 2008149508, on May 21, 2008. *See* docket entry #10. On July 1, 2008, Warden Baker

1

responded to the grievance. During the *Spears* hearing, the Plaintiff testified that his Step 2 grievance was returned to him unprocessed because he had not attached the original Step 1 grievance to his Step 2 grievance, as required by prison grievance procedures. The Defendants argued that the lawsuit should be dismissed for failure to exhaust administrative remedies.

The Plaintiff filed a response on January 30, 2009 (docket entry #38). He argued that the motion to dismiss should be denied. He asserted that he exhausted his administrative remedies through the Offender Protection Investigation.

The provisions of 42 U.S.C. § 1997e mandate that no action shall be brought by a prisoner "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court has unanimously concluded that inmates must exhaust their administrative remedies before proceeding to federal court. *Booth v. Churner*, 532 U.S. 731 (2001). *See also Wright v. Hollingsworth*, 260 F.3d 357 (5th Cir. 2001). The Supreme Court has also held that exhaustion is mandatory and is required for all actions brought by prisoners. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). An inmate must also exhaust his administrative remedies in a proper manner. *Woodford v. Ngo*, 548 U.S. 81 (2006). The failure to exhaust is an affirmative defense. *Jones v. Bock*, 549 U.S. 199 (2007).

The Fifth Circuit considered a situation where an inmate failed to follow grievance procedures in *Johnson v. Ford*, 261 Fed. Appx. 752 (5th Cir. 2008). The Fifth Circuit noted that the Texas prison system has a two step grievance process. *Id.* at 754. The Fifth Circuit further noted that it has taken "a strict approach" regarding the exhaustion requirement. *Id.* at 755 (citations omitted). Citing *Woodford*, the Fifth Circuit held that the applicable rules must be followed and that the inmate had not satisfied the exhaustion requirement where a grievance was returned unprocessed

2

for failing to follow the applicable rules. *Id.* at 756-57. The Fifth Circuit rejected the inmate's excuse that he had utilized alternative methods to satisfy the exhaustion requirement. *Id.* at 756. The Fifth Circuit held that the Defendants were entitled to summary judgment. *Id.* at 757.

In the present case, Regional Grievance Coordinator Chip Satterwhite testified at the *Spears* hearing that there was no record of a Step 2 grievance from the Plaintiff regarding his claims in this lawsuit. The Plaintiff testified in response that his Step 2 grievance was returned to him unprocessed because he had not attached his Step 1 grievance to his Step 2 grievance, as required by published grievance procedures. The Plaintiff's testimony established that he did not follow procedures. The Plaintiff has not offered a legitimate excuse for failing to exhaust his administrative remedies. The Defendants are entitled to have their motion to dismiss granted. It is therefore

**ORDERED** that the Defendants' motion to dismiss for failure to exhaust administrative remedies (docket entry #36) is **GRANTED** and the complaint is **DISMISSED**. All motions not previously ruled on are **DENIED**.

So **ORDERED** and **SIGNED** this **4** day of **February, 2009.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE